## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | | |
|---|---|---|
| **LEIGH ZEIGLER** | * | **CIVIL DOCKET NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THOMAS   CALDWELL,   WILEY** | * | |
| **SANDERS   TRUCK   LINES,   INC.,** | * | |
| **AND     HUDSON     INSURANCE** | * | **MAG. JUDGE:** |
| **COMPANY** | | |

### NOTICE OF REMOVAL

Defendant, Hudson Insurance Company ("Hudson"), files this notice of removal on the following grounds:

### THE REMOVED CASE

#### 1.

On August 2, 2022, a Petition for Damages was filed on behalf of plaintiff, Leigh Zeigler, in the 5th Judicial District Court for the Parish of Richland, State of Louisiana, styled "*Leigh Zeigler versus Thomas Caldwell, Wiley Sanders Truck Lines, Inc., and Hudson Insurance Company,*" bearing Docket Number 48762, Section A.

#### 2.

On August 15, 2022, defendant, Hudson, was served with the Petition for Damages through its registered agent, the Louisiana Secretary of State.

#### 3.

On August 2, 2022, service was requested on defendant, Thomas Caldwell, via the Long Arm Statute. However, no affidavits of service have been filed into the record yet.

2375505.v1

**4.**

On August 2, 2022, service was requested on defendant, Wiley Sanders, via the Long Arm Statute. However, no affidavits of service have been filed into the record yet.

**5.**

Attached hereto as Exhibit A, *in globo*, is a complete copy of all pleadings currently filed in the court record for the 5th Judicial District Court.

**6.**

In her Petition, plaintiff alleges that on or about December 7, 2021, plaintiff was traveling eastbound on I-20 when her car became disabled due to a flat tire in Richland Parish. Plaintiff asserts that she activated her hazard lights and pulled over onto the shoulder of I-20 to wait for assistance. While her vehicle was pulled over onto the shoulder, plaintiff alleges that a 2021 Kenworth T680 tractor trailer owned by Wiley Sanders and operated by Thomas Caldwell drifted into the shoulder and struck plaintiff's vehicle.

**7.**

As a result of this accident, plaintiff alleges that she sustained personal injuries. Plaintiff, itemizes her damages as follows:

(a)  Physical and mental pain and suffering;
(b)  Medical expenses;
(c)  Lost earnings and/or earning capacity;
(d)  Loss of enjoyment of life;
(e)  Neck pain;
(f)  Arm pain;
(g)  Rib/chest pain;
(h)  Shoulder pain;
(i)  Low back pain; and
(j)  Other elements of damages developed through discovery and/or demonstrated with particularity at the trial of this matter.

2

## BASIS OF JURISDICTION

### 8.

Defendant avers that this Court has original jurisdiction over the claims asserted by plaintiff pursuant to the provisions of 28 U.S.C. § 1332 and 1441, as this is a civil action between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

## PARTIES AND DIVERSITY OF CITIZENSHIP

### 9.

Defendant shows that there is complete diversity of citizenship between plaintiff and defendants.

### 10.

Plaintiff, Leigh Zeigler, is domiciled in the Marion County, State of Mississippi. Accordingly, Leigh Zeigler is a citizen of the State of Mississippi.

### 11.

Defendant, Hudson, is a Delaware corporation that has its principal place of business in New York. Accordingly, Hudson is deemed to be a citizen of Delaware and New York.

### 12.

Defendant, Thomas Caldwell, is domiciled in Walker County, State of Alabama. Accordingly, Thomas Caldwell is a citizen of the State of Alabama.

### 13.

Defendant, Wiley Sanders, is an Alabama corporation that has its principal place of business in Alabama. Accordingly, Wiley Sanders is deemed to be a citizen of Alabama.

2375505.v1

**14.**

Because plaintiff is a citizen of Mississippi, and the defendants are citizens of Delaware, New York, and Alabama, complete diversity exists.

## AMOUNT IN CONTROVERSY

**15.**

Defendant states that, based upon the allegations of plaintiff's petition for damages and the binding stipulation filed by plaintiff in State Court, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**16.**

Plaintiff does not plead, and Louisiana law does not allow plaintiff to plead, a specific amount of damages. La. Code Civ. Proc. art. 893(a)(1). In such circumstances, the Fifth Circuit permits removal under 28 U.S.C. § 1332(c)(2)(B) if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

**17.**

As a result of the accident at issue, plaintiff alleges that she sustained personal injuries. As a result of these injuries, plaintiff claims that she sustained the following damages:

(a)     Physical and mental pain and suffering;
(b)     Medical expenses;
(c)     Lost earnings and/or earning capacity;
(d)     Loss of enjoyment of life;
(e)     Neck pain;
(f)     Arm pain;
(g)     Rib/chest pain;
(h)     Shoulder pain;
(i)     Low back pain; and
(j)     Other elements of damages developed through discovery and/or demonstrated with particularity at the trial of this matter.

2375505.v1

**18.**

On September 1, 2022, plaintiff filed a binding stipulation with the court stating that the amount in controversy exceeds $75,000.000, the amount sufficient to invoke federal jurisdiction, exclusive of interest and costs. (See Exhibit A, p. 21).

**19.**

Therefore, based on the allegations made in plaintiff's petition for damages and the binding stipulation plaintiff filed in State Court, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**20.**

Accordingly, defendant shows that this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a), in that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and this is an action between citizens of different states.

## REMOVAL IS TIMELY

**21.**

Defendant shows that this Notice of Removal was timely filed with this Court pursuant to the provisions of 28 U.S.C. § 1446(b)(3) and §1446(c)(3)(A), as notice was filed within 30 days of service of plaintiff's petition for damages.

## CONSENT

**22.**

As defendants, Thomas Caldwell and Wiley Sanders, have not been served, their consent to this removal is not necessary.

2375505.v1

## **VENUE**

### **23.**

The venue of this removal action is proper pursuant to the provisions of 28 U.S.C. § 1441(a), as the United States District Court for the Western District of Louisiana, Monroe Division embraces Richland Parish and the 5th Judicial District Court, where the state court action is pending.

### **24.**

Based on the foregoing, defendant shows that this matter is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*

### **25.**

Written notice of the filing of this removal will be sent to the adverse party as required by law.

### **26.**

A copy of this Notice of Removal is being filed with the Clerk of Court for the 5th Judicial District Court for the Parish of Richland, State of Louisiana, as required by law.

**WHEREFORE**, Defendant, Hudson Insurance Company, prays that the action be removed to this Court and that the action be placed on the docket of the Court for further proceedings as though it were originally instituted in the Court.

2375505.v1

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, LLP**
One American Place, 23rd Floor
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Fax: (225) 381-8029

*/s/ Alexa Candelora*
Douglas K. Williams, T.A. (#2187)
Christopher A. Mason (#29328)
Alexa Candelora (#39134)
*Counsel for Hudson Insurance Company*

2375505.v1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **LEIGH ZEIGLER** | * | **CIVIL DOCKET NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THOMAS CALDWELL, WILEY SANDERS TRUCK LINES, INC., AND HUDSON INSURANCE COMPANY** | * * * | **MAG. JUDGE:** |

### AFFIDAVIT

STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

**BEFORE ME**, the undersigned authority, personally came and appeared

### ALEXA CANDELORA

who, after being duly sworn, did depose and say that the allegations contained in the Notice of

Removal filed herein are true and correct to the best of her knowledge, information, and belief.

_____
Alexa Candelora

**SWORN TO AND SUBSCRIBED** before me, Notary Public, this 6ᵗʰ day of

September_____, 2022, Baton Rouge, Louisiana.

_____
NOTARY PUBLIC

Printed Name: Thomas R. Temple, Jr.
Notary ID No./La. Bar Roll No.: 26130
My Commission Expires: For Life

8

2375505.v1

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **LEIGH ZEIGLER** | * | **CIVIL DOCKET NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THOMAS CALDWELL, WILEY** | * | |
| **SANDERS TRUCK LINES, INC.,** | * | |
| **AND HUDSON INSURANCE** | * | **MAG. JUDGE:** |
| **COMPANY** | | |

## PROOF OF SERVICE

Alexa Candelora, being duly sworn, does depose and say that she is a member of the bar of the State of Louisiana, is admitted to practice before the United States District Court, Western District of Louisiana, is a member of the firm Breazeale, Sachse & Wilson, L.L.P., and is counsel for defendant, Hudson Insurance Company.

Affiant further states that, on the _6th_ day of _September_, 2022, after the Notice of Removal is filed with the above Court, she is forwarding a copy of said Notice of Removal and attachments via facsimile and/or electronic mail and by depositing same in the U.S. Mail, postage prepaid and properly addressed to:

Kristen B. Bernard
4300 Youree Drive
Shreveport, Louisiana 71105
T: (318) 670-7365
F: (318) 670-7417

Affiant further states that, on the same day, immediately following the delivery of the aforesaid papers, she is having a copy of the notice of removal filed with the Clerk of Court for the 5th Judicial District Court, Parish of Richland, State of Louisiana, for filing in the matter entitled, "*Leigh Zeigler versus Thomas Caldwell, Wiley Sanders Truck Lines, Inc., and Hudson Insurance Company*," bearing Docket Number 48762, Section "A."

9

Alexa Candelora

**SWORN TO AND SUBSCRIBED** before me, Notary Public, this 6ᵗʰ day of

September____, 2022, Baton Rouge, Louisiana

NOTARY PUBLIC

Notary Name Printed: Thomas R. Temple, Jr.
Notary ID No.: 26130
My Commission Expires: For Life

10

2375505.v1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | | |
|---|---|---|
| **LEIGH ZEIGLER** | * | **CIVIL DOCKET NO:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **THOMAS CALDWELL, WILEY SANDERS TRUCK LINES, INC., AND HUDSON INSURANCE COMPANY** | * * * | **MAG. JUDGE:** |

## NOTICE TO ADVERSE PARTY

TO:    Kristen B. Bernard
       4300 Youree Drive
       Shreveport, Louisiana 71105

**YOU ARE HEREBY NOTIFIED** that defendant, Hudson Insurance Company, have filed the attached Notice of Removal, along with other attached documents, with the Clerk of Court for the United States District Court, Western District of Louisiana, Monroe Division, and a copy of said Notice of Removal has been filed with the Clerk of Court for the 5th Judicial District Court, Parish of Richland, State of Louisiana.

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, LLP**
One American Place, 23rd Floor
P.O. Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Fax: (225) 381-8029

/s/ Alexa Candelora
Douglas K. Williams, T.A. (#2187)
Christopher A. Mason (#29328)
Alexa Candelora (#39134)
*Counsel for Hudson Insurance Company*

11